Moneure, P.,
delivered the opinion of the court.
After stating the case he proceeded:
The only question in this case is, whether the bill in-the proceedings mentioned, filed on the 28th day of' April 1866 by Gleorge W. Hall and P. W. Martin, suing “as well for themselves as for all the stockholders, depositors and creditors of the Pittsylvania Savings. Bank, who will come forward and contribute to the costs of the suit,” is what is called a “ creditor’s bill,” or has the same effect? For if it is, or has, it is perfectly certain that the decree for an account, rendered in the suit on the 9th day of J une 1866, operated as a decree in favor of all the creditors of the said savings bank, all of whom might come forward and prove their claims under the said decree, and placed them all on an equality in the distribution and application of the assets of the said bank, except such as at the time of said decree may have had specific liens on the said assets or any part thereof, which liens would, of course, remain in full force, notwithstanding such decree. So that in that view the plaintiff in error, ¥m. A. J. Finney, having obtained the assignments-of the certificates of deposit in the proceedings mentioned after the date of the said decree of the 9th day of June 1866, acquired only the rights to which his assignors were then entitled in regard to the assets of the said bank, which were to a ratable proportion of *379 the said assets with the other creditors of the hank, which ratable proportion has been accorded to the said assignee by the judgment of the court below; and the said judgment ought therefore in that view to be affirmed.
The learned judge of the court below, in an able opinion delivered by him, and made a part of one of the decrees rendered in the said chancery suit, maintained this view; and as we entirely concur in that opinion, we adopt it as our own, which makes it unnecessary for us to say much, if anything more, in the case. Besides the cases referred to in that opinion, that of Exchange Bank of Va. &c. v. Knox &c., 19 Gratt. 739, since decided by this court, has an important bearing upon the question; and much of what is said by Judge Christian in that case, in whose opinion the other judges concurred, is strongly confirmatory of the same view; and so are the cases, or many of them, referred to by the counsel for the appellees, among which are the cases cited from 21 Howard 112, and 22 Id. 380. The nature, object and effect of a “creditor’s bill,” and the course of proceeding therein, are set forth in 1 Story’s Eq., sections 547-550; and in Story’s Eq. PL, sections 99-104. See also the cases referred to in the notes to those sections. That this case comes within the same reason, and is subject to the same principle, which apply to an ordinary creditor’s bill, in regard to the distribution of assets among creditors, seems to us to be very clear. Here is a case in which, by a sudden and extraordinary convulsion of war, a bank has been rendered insolvent, and totally unable to prosecute its business. Its stockholders have been deprived of all their property, and the remaining assets of the bank are insufficient to pay its debts, or even fifty per cent. *380 of their amount, if apportioned ratably among the creditors. There has been no recent election of officers of the bank; and there is no responsible person in charge of its assets, whose duty it is to collect and apply them to the payment of the debts of the bank; and there is danger of a general scramble among the creditors for priority, by bringing suit, obtaining judgment, and suing out execution against the bank. What more suitable case could there be for a credit- or’s bill, and the application of the rules and principles which apply to it?—and for the application of the rule of equity, that “equality is equity?” Here is a trust fund, amounting, it is said, to about $100,000, without a trustee, and distributable among a large number of creditors. The law affords no adequate remedy for such a case, none that will not produce the greatest confusion, and end in the rankest injustice. Is it not a case which loudly calls for equitable relief—the institution of a suit by some in behalf of themselves and all the other creditors, the appointment of a receiver, and the collection of the assets and distribution of them ratably among all the creditors? Surely cases already decided by courts of equity warrant this court, if not expressly at least by strong implication and analogy, in pursuing that course. And if there be no ease expressly in point, it is the province •of a court of equity to provide a suitable and adequate remedy for such a case. A necessity for new remedies, or rather for the application of old remedies to new cases, is continually arising in the progress of affairs and the,transactions of mankind; and our system of law and equity is so wisely and happily framed, that it can be moulded to suit any new case which may arise. The opinion of Lord Cottenham, in the case of Taylor v. Salmon, 4 Myl. & Cr. 133, 141 (18 Eng. Ch. *381 R.), referred to by the judge of the court below, is well expressed on this subject. “Ihave before taken occasion to observe,” says his lordship, “ that I thought it the duty of this court to adapt its practice and course of proceeding as far as possible to the existing state of society, and to apply its jurisdiction to all those new cases which, from the progress daily making in the affairs of men, must continually arise, and not from too strict an adherence to forms and rules established under very different circumstances, decline to administer justice, and to enforce rights for which there is no other remedy.”
In regard to the admissibility of the record of the chancery suit aforesaid, as evidence in the case, we are of opinion that there is no error in the ruling of the court below, as mentioned in the bill of exceptions tendered by the defendants. They were in effect parties to that suit, and conclusively bound by it.
Upon the whole, we are of opinion that there is no error in the judgment of the court below, and that it ought to be affirmed.
Judgment affirmed.